[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re: Motions to Compel and Defendant's Objection (File#115)
Plaintiff requests a court order compelling a psychologist, Dr. Michael Haymes, to attend a deposition and disclose records relating to defendant's past therapy. Defendant has objected on the basis that the information is privileged pursuant to Connecticut General Statutes Section 52-146c.
On July 29, 1996, the plaintiff filed a three-count complaint against defendant alleging assault, battery, intentional infliction of emotional distress, and negligence stemming from sexual contacts between the parties, which began when the plaintiff was twelve years old and continued for six or seven years until plaintiff reached the age of majority. Defendant's answer admits his inviting plaintiff to spend weekends at his cabin, while the plaintiff was twelve years old, and that he began "engaging in a pattern of inappropriate touching and hugging, which quickly escalated into sexual contact with plaintiff" including acts of sodomy. Defendant asserts as a special defense that plaintiff's claims are barred by the applicable statute of limitations. Practice Book Section 231 provides, in pertinent part: "If any party . . . has failed to respond to requests for a production . . . or has failed to appear and testify at a deposition . . . the court may, on CT Page 4820 motion, make such order as the ends of justice require . . ." The court has broad discretion in deciding whether to impose sanctions under Section 231. See: e.g., Eslami v. Eslami,218 Conn. 801, 805 (1991). Defendant's objection is premised on General Statutes Section 52-146c which, in relevant part, provides:
 (b) Except as provided in subsection (c) of this section, in civil . . . actions . . . in proceedings preliminary to such actions or proceedings . . . all communications shall be privileged and a psychologist shall not disclose any such communications unless the person or his authorized representative consents to waive the privilege and allow such disclosure. . . . (c) Consent of the person shall not be required for the disclosure of such person's communications: . . . (2) If, in a civil proceeding a person introduces his psychological condition as an element of his claim or defense . . . and the judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between the person and psychologist be protected; . . . (4) If child abuse . . . is known or in good faith suspected.
Plaintiff's motion requests that Dr. Paymes be compelled to produce "any and all records, reports, billing statements and any other documents pertaining to either the plaintiff, John Doe, or the defendant, William Hetu," and that the psychologist be required to give testimony regarding his knowledge of the relationship between the parties. Plaintiff states that both he and defendant received therapy from the psychologist, Dr. Haymes, during the same period, that defendant has denied knowing plaintiff prior to the latter's attaining seventeen years of age, and that the information sought is necessary to establish the defendant's having engaged in sexual relations with plaintiff while plaintiff was a minor. Defendant has admitted certain of plaintiff's allegations about age and the type of sexual conduct engaged in by the parties. In view of those admissions, it is the court's view that the psychologist/patient privilege should be preserved, absent an express waiver. Our Supreme Court has stated: ". . . society has an interest, which this state has elevated to the status of a privilege in the case of a patient and . . . psychologist and which a general rule of confidentiality will further, in encouraging people to seek counseling in times of emotional distress and encouraging those people `to make full disclosure to a physician [or other mental CT Page 4821 health professional] in order to obtain effective treatment free from embarrassment and invasion of privacy which could result from [access to] a doctor's [or other mental health professional's records.].'" State v. Storlazzi, 191 Conn. 453,458 (1983).
Considering the expansive scope of the information sought by plaintiff, the stated reasons for plaintiff's request, and the admissions made by the defendant, as well as the public policy interest underlying the statutory privilege, the motion to compel is denied, and the objection thereto is sustained.
Mulcahy, J.